## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| AHMAD IBRAHIM D/B/A | | |
| HORIZON IMAGE, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2488-X-BK |
| | § | |
| SENTINEL INSURANCE | § | |
| COMPANY LTD. AND | § | |
| BRANDON SULLIVAN, | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the United States district judge's *Order of Reference*, Doc. 44, this matter is now before the undersigned United States magistrate judge for pretrial management. Now before the Court are Defendants[1] *Sentinel Insurance Company, Ltd.'s Motion for Summary Judgment*, Doc. 50, and Plaintiff *Ibrahim's Motion for Summary Judgment*, Doc. 58. For the reasons stated here, Defendants' breach of contract counterclaim should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, effectively mooting both motions for summary judgment.

## I. BACKGROUND

Defendants removed this civil contract dispute from a Dallas County court to this Court based on diversity of the parties. Doc. 1 at 2. Plaintiff's claims stem from his allegations that

---

[1] Plaintiff sues two parties—Sentinel Insurance Company and Brandon Sullivan. The same attorney represents both Defendants, however; and the motion for summary judgment, although styled as Sentinel's motion, Doc. 50, is brought on behalf of both.

Defendants failed to timely, "fully[,] and properly investigate and pay Plaintiff's theft and vandalism claim" under Plaintiff's "Business Owner's Policy" issued by Defendant Sentinel Insurance Company. Doc. 1-3 at 11, 13. Plaintiff further alleges/suggests that Defendant Brandon Sullivan is also liable as Sentinel's assigned claim representative. Doc. 1-3 at 14.

On December 10, 2020, the parties engaged in mediation, after which the mediator circulated a settlement proposal, which, apparently, counsel for both parties accepted (the "Settlement Agreement"). Doc. 52 at 10-13. However, on December 21, 2020, Defendants filed a *Motion to Enforce Settlement and Seek Specific Performance of Parties' Agreement*, Doc. 18, after which Plaintiff's attorney twice moved to withdraw as counsel, Doc. 19 & Doc. 24. Ultimately, the Court denied the motion to enforce, citing jurisdictional grounds, and granted Plaintiff's counsel's motion to withdraw.[2] Doc. 30; Doc. 31 at 8-10, 15-16 (suggesting, *inter alia*, that Defendants file a counterclaim rather than a motion to enforce, provided the Court has jurisdiction). With leave of court, Defendants subsequently filed an amended answer and original counterclaim contending Plaintiff breached the Settlement Agreement and seeking specific performance and attorneys' fees. Doc. 45 at 8-11.

The parties' motions for summary judgment concern only Defendants' breach of contract counterclaim. Doc. 50; Doc. 58. It appears, however, that the question of the Court's subject matter jurisdiction over that counterclaim is not settled, thus, the Court's analysis begins—and ends—there. *See McDonal v. Abbott Lab'ys*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (stating the

---

[2] Plaintiff proceeds *pro se*, despite his designation that he is "doing business as" Horizon Image. This is permissible since a "doing business as" designation is merely descriptive and "does not create an entity distinct from the person operating the business." *One Place Cap. v. Oakes*, No. 4:18-CV-829-SDJ-KPJ, 2021 WL 4024450, at *2 (E.D. Tex. Aug. 2, 2021), *adopted by*, 2021 WL 3931125 (E.D. Tex. Sept. 1, 2021) (quoting *Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387 (D. Neb. 1977), *aff'd by* 578 F.2d 721 (8th Cir. 1978)).

court has a duty to determine, at any point in the proceedings, and even *sua sponte*, whether

subject matter jurisdiction exists).

## II. ANALYSIS

### A.  Defendants' Counterclaim is not Compulsory

Rule 13 of the Federal Rules of Civil Procedure governs counterclaims.  It provides:

A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

FED. R. CIV. P. 13(a)(1).  A pleading falling under this description is known as a compulsory

counterclaim, and the court can exercise ancillary jurisdiction over it even in the absence of an

independent basis for federal jurisdiction.  *Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234,

237 (5th Cir. 1988).  But any counterclaim claim falling outside of those parameters is deemed

permissive and must have its own independent basis for the exercise of federal jurisdiction.  *Id.*

(citing *Plant v. Blazer Fin. Servs., Inc. of Ga.*, 598 F.2d 1357, 1359 (5th Cir. 1979)); *see also*

FED. R. CIV. P. 13(b).

In deciding whether a counterclaim is compulsory, a district court considers:

(1) whether the issues of fact and law raised by the claim and counterclaim are largely the same; (2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

*Id.* at 1360 (citing 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1410 at 42 (1971)).

Here, as to the first issue, Defendants' counterclaim and Plaintiff's claims involve

different issues of fact and law.  Defendants' counterclaim concerns the facts surrounding the

subsequent Settlement Agreement, not the facts underlying Plaintiff's original claims.  Even a

cursory review of Plaintiff's operative complaint and Defendants' amended answer and original counterclaim reveals that the parties' respective pleadings refer to completely different factual circumstances—the latter of which had not yet occurred when Plaintiff filed his complaint. Moreover, each party's cause of action may and should be decided without any reference to the facts of the other. Also compelling is that Defendants' counterclaim involves the enforceability of a settlement agreement under Texas Rule of Civil Procedure 11—a state law statute not referenced in Plaintiff's operative complaint. A Texas state court is in the best position to apply and interpret Texas law and certainly has an interest in doing so. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). However, because resolution of the original claims filed in this case is ultimately dependent on the disposition of the breach of contract counterclaim, this Court has an interest in its resolution as well. Thus, this factor is neutral.

However, the second inquiry weighs against finding that the counterclaim is compulsory under Rule 13(a)(1). *Res judicata* would not bar Defendants from later raising their counterclaim, as *res judicata* only "bar[s] litigation of 'issues which were actually litigated and all issues which might have been raised in that earlier suit.'" *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 87 (5th Cir. 1997). As stated previously, resolution of Plaintiff's underlying insurance coverage dispute does not require litigation of issues relating to Plaintiff's alleged breach of the Settlement Agreement. Indeed, Plaintiff's claims and Defendants' counterclaim must be tried independently of each other, as the issue raised in the counterclaim must be resolved prior to consideration of Plaintiff's claims on the merits.

4

As to the third issue, it is clear different evidence will be necessary to support or refute Plaintiff's claims and Defendants' counterclaim—Plaintiff's claims center on the parties' Business Owners' Policy, whereas Defendants' counterclaim centers on the parties' Settlement Agreement. Also, because Defendants' breach of contract claim arose well after Plaintiff filed suit, it is almost certain that any evidence involved in litigating Defendants' claim would have no relevance to Plaintiff's claims.

As to the final inquiry, there is no logical relationship between the claim and counterclaim. *Nat'l Liability & Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir. 2014) (providing that the Fifth Circuit uses the "logical relation" test to determine whether a counterclaim is compulsory). Here, Plaintiff's claims and Defendants' counterclaim are not derived from the same nucleus of operative facts, nor does the aggregate core of facts upon which Plaintiff's claims rest activate additional rights, otherwise dormant, in Defendants. *See id.* Thus, there is no logical relationship between the claim and the counterclaims.

The balance of the four factors weigh against finding that Defendants' counterclaim is compulsory. Because Defendants' counterclaim is instead permissive, the Court's basis for exercising subject-matter jurisdiction over it must be independent of the jurisdiction over Plaintiff's claims. Defendants plainly fail to establish such a basis here.

## B. Defendants Fail to Establish Subject-Matter Jurisdiction Over the Counterclaim

Federal courts have subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1311; 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home*

5

*Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent

such power, subject matter jurisdiction is lacking, and federal courts must dismiss the action.  *Id.*

Beyond the jurisdiction conferred in sections 1331 and 1332, federal courts may, under

limited circumstances, exercise supplemental jurisdiction over state law claims:

> [I]n any civil action of which the district courts have original jurisdiction, the
> district courts shall have supplemental jurisdiction over all other claims that are so
> related to claims in the action within such original jurisdiction that they form part
> of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  The basis for the Court's exercise of jurisdiction must be apparent on the

face of the counterclaim.  *State Bank & Tr. Co. of Golden Meadow v. Boat D.J. Griffin*, 731 F.

Supp. 770, 775-76 (E.D. La. 1990) (citing *United Mine Workers*, 383 U.S. at 715 (1966)); *see*

*also Kuehne & Nagel (AG & Co) v. Geosource, Inc.*, 847 F.2d 283, 291 (5th Cir. 1989) (finding

that the face of the defendant's counterclaim demonstrated an independent ground of federal

jurisdiction).

As indicated *supra*, Defendants seek enforcement of the Settlement Agreement under

Texas Rule of Civil Procedure 11.  As such, the counterclaim for breach of contract does not fall

within the court's section 1331 jurisdiction over federal questions.  28 U.S.C. § 1331.

Jurisdiction under section 1332 also has not been established since, even assuming the parties'

diversity of citizenship, there is no allegation in the counterclaim to support the requisite amount

in controversy.  *See* 28 U.S.C. § 1332 (requiring an amount in controversy of at least $75,000

for diversity jurisdiction); Doc. 45 at 10 (seeking only specific performance and attorneys' fees

and costs).

To determine whether counterclaims fall within the court's supplemental jurisdiction, the

court should ask whether the counterclaims "are so related to the original claims that they form

part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers*, 383 U.S. at 725 (1996)). Here, Defendants' counterclaim does not derive from a common nucleus of operative fact as Plaintiff's claims. The United States Supreme Court instructs:

> The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quire separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal court business.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). The Supreme Court went on to provide two ways by which a federal court *might* have jurisdiction in this scenario: (1) if the court enters a Rule 41(a)(2) dismissal requiring compliance with the terms of the settlement; or (2) if the court enters a Rule 41(a)(1)(ii) dismissal that embodies the settlement contract. *Id.*; FED. R. CIV. P. 41(a)(2), (a)(1)(ii). Absent these, however, and without an independent basis for federal jurisdiction, a counterclaim seeking "enforcement of the settlement agreement is for state courts." *Id.* at 382; *see also Allen v. Leal*, 27 F. Supp. 2d 945, 949 (S.D. Tex. 1998) (finding the same when defendants counterclaimed for breach of a settlement agreement after plaintiffs backed out from settling their section 1983 claim).

Because Defendants have wholly failed to proffer an independent basis for jurisdiction or a basis for ancillary jurisdiction, this Court lacks jurisdiction over the counterclaim.

### III. CONCLUSION

For the foregoing reasons, Defendants' breach of contract counterclaim should be **DISMISSED WITHOUT PREJUDICE;** *Sentinel Insurance Company, Ltd.'s Motion for*

7

*Summary Judgment*, Doc. 50, and *Ibrahim's Motion for Summary Judgment*, Doc. 58, should be

**DENIED AS MOOT**; and this case should be **STAYED** and **ADMNINSTRATIVELY**

**CLOSED** pending the resolution in a state court of Defendants' claim that the Settlement

Agreement was breached, if Defendants timely notify the Court of their intention to pursue it

there. *See Allen*, 27 F. Supp. 2d at 950 (staying federal case pending resolution of the breach of

contract claim in state court).

　　　　**SO RECOMMENDED** on August 30, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).